# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CGB DIVERSIFIED SERVICES, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> KANE ADAMS, ) <br> ) <br> *Defendant*. ) <br> _____) | Case No.: 20-2061-HLT-KGG |

## MEMORANDUM & ORDER DENYING
## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Now before the Court is Plaintiff's motion requesting expedited discovery (Doc. 8). Having reviewed the submissions of the parties, Plaintiff's motion is **DENIED** for the reasons set forth below.

Plaintiff alleges that its former employee Defendant Kane Adams "colluded with three fellow Diversified employees to simultaneously resign their positions from Diversified and move, en masse, to … a direct competitor of Diversified." (*Id.*, at 1.) Plaintiff contends that Adams "has engaged in unfair and unlawful competition using Diversified confidential and proprietary information and trade secrets," in violation of his employment agreement. (*Id.*)

Plaintiff continues that Adams used its "confidential information to divert business from Diversified to a direct competitor … and conspired with agents of

[the competitor] to do so. (*Id.*) Plaintiff states that it "seeks limited expedited discovery" because it "intends to seek a preliminary injunction to stop [Defendant] Adams's unlawful conduct, but certain key information and evidence relating to [Plaintiff's] claims is exclusively in Adams's possession and necessary for Diversified to be able to present such a motion." (*Id.*, at 2.)

It is well-settled that courts have wide discretion in managing the discovery process. That stated, a party moving for expedited discovery must show "good cause" for its motion, establishing that the request is "reasonable" in light of the relevant circumstances. *MNM Inv., Inc. v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2018 WL 6413227, at *1 (D. Kan. Dec. 6, 2018).

In applying the standard of "good cause" or "reasonableness," the court must weigh the need for the early discovery by considering the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. March 20, 2009) (citation omitted).

The party seeking the expedited discovery bears the burden of showing a need for the requested relief. *MNM Inv., Inc.*, 2018 WL 6413227, at *1.

Defendant argues that Plaintiff has failed to meet this burden, "offering nothing but platitudes and generic risks that are inherent in most lawsuits." (Doc. 15 at 4.) Defendant continues that Plaintiff "*exclusively* relies on unsubstantiated assertions contained in its memorandum of points and authorities." (*Id.*) Defendant is correct that Plaintiff provided no affidavits or declarations to support the filing of the initial motion. The declaration attached to Plaintiff's reply brief provides no factual support for the present motion but merely discusses a similar motion filed in the Northern District of South Dakota. (*See* Doc. 18-1.)

The Court notes that there is no motion for a preliminary injunction pending in the present case. Rather Plaintiff merely intends to file such a motion after it conducts the requested discovery. The lack of a current motion weighs heavily against Plaintiff's request. The Court does, however, acknowledge that Plaintiff's Complaint seeks injunctive relieve. (*See* Doc. 18, at 3.)

That stated, it appears to the Court from Plaintiff's submissions that Plaintiff currently has no objective, factual basis to support a request for injunctive relief. Rather, Plaintiff is relying entirely on conclusory allegations in the present motion in the hopes that the requested discovery, if allowed, will provide an actual basis for seeking a preliminary injunction. The Court finds this to be improper.

As for the second factor – the breadth of the proposed discovery – the Court agrees with Defendant that Plaintiff's "requests are entirely overbroad and amount

to a fishing expedition" at this stage of the process. (Doc. 15, at 5.) The discovery requests are clearly overbroad in the context of the limited issues that would be presented at a hearing in support of a preliminary injunction. For instance, Defendant points out that "[m]any of the discovery requests … are focused on trying to find evidence to support [Plaintiff's] baseless allegations of past employee solicitation, which serves as the basis for its claims for breach of fiduciary duty and breach of contract." (*Id*.)

The next factor is the purpose for requesting expedited discovery. Plaintiff has merely asserted that the expedited discovery will "allow [it] to present more fully the evidence that supports its entitlement to relief." (Doc. No. 9, at 2). Defendant is correct that Plaintiff "has not even addressed its purpose for requesting expedited discovery other than a brief assertion that there may be some evidence of some wrongdoing," which is "unsupported and conclusory, and, therefore, does not warrant expedited discovery." (Doc. 15, at 7.)

The Court also finds that the remaining two factors – the burden on the defendants to comply with the requests and how far in advance of the typical discovery process the request was made – both weigh against Plaintiff's request. *See Sunflower Elec.*, 2009 WL 774340, at *2. For instance, Defendant contends that the proposed discovery would require Defendant "to identify, assemble, and produce, in only a seven-day period, countless documents as well as forensic

copies of electronic devices (including his personal phone and work computer owned by his new employer)." (Doc. 15, at 5.) As such, the Court **DENIES** Plaintiff's motion.

IT IS THEREFORE ORDERED that Plaintiff's motion for expedited discovery (Doc. 8) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 17th day of March, 2020.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge